Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| GISELA MARIE FERRER ÁLVAREZ<br><br>Peticionaria<br><br>v.<br><br>EZEQUIEL EMANUEL RODRÍGUEZ RIVERA<br><br>Recurrido | KLCE202401398 | *CERTIORARI*<br>Procedente del Tribunal de Primera Instancia, Sala Superior de Aguadilla<br><br>Civil Núm.: AG2024RF00313 (403)<br><br>Sobre: Alimentos |

Panel integrado por su presidenta, la Juez Brignoni Mártir, la Jueza Álvarez Esnard y la Jueza Prats Palerm.

Álvarez Esnard jueza ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 29 de enero de 2025.

Comparece ante nos Gisela Ferrer Álvarez ("señora Ferrer Álvarez" o "Peticionaria") mediante *Petición de Certiorari* recibida el 27 de diciembre de 2024. Nos solicita la revocación de la *Orden* emitida y notificada el 4 de diciembre de 2024 por el Tribunal de Primera Instancia, Sala Superior de Aguadilla ("foro primario" o "foro *a quo*"). Por virtud de esta, el foro primario ordenó a las partes de epígrafe a recibir terapia a través de la Dra. Yazmín Ríos, las cuales estaban dirigidas a mejorar la comunicación entre ambos.

Por los fundamentos que expondremos a continuación, **denegamos** el auto de *certiorari*.

### I.

Los hechos que inician la presente controversia tienen su génesis cuando el 6 de mayo de 2024, la Peticionaria instó *Demanda* sobre custodia monoparental, relaciones paternofiliales y alimentos contra Ezequiel Rodríguez Rivera ("señor Rodríguez Rivera" o "Recurrido").[1] En la misma, alegó que ésta sostuvo una

---

[1] Véase, Apéndice del Recurso, págs. 1-6.

Número Identificador

SEN(RES)2025_____

relación sentimental con el señor Rodríguez Rivera por espacio de seis (6) años de manera ininterrumpida. Esbozó que, como producto de esa relación, las partes procrearon una hija que actualmente es menor de edad. Arguyó que, al momento de la disolución de la relación consensual, las partes establecieron la custodia compartida de la menor. Por otro lado, la señora Ferrer Álvarez explicó que siempre habían existido problemas de comunicación entre las partes, lo cual complicaba que ésta pudiera llevar la custodia compartida de manera saludable en beneficio de su hija.

De otra parte, en la *Demanda*, la Peticionaria argumentó que el Recurrido había fallado en cumplir con su responsabilidad y obligación afectiva como padre con custodia compartida. Por lo tanto, la señora Ferrer Álvarez solicitó al foro primario los siguientes remedios: que se estableciera la patria potestad compartida; que le concediera la custodia monoparental de la menor; que se estableciera las relaciones paternofiliales hasta tanto se realizara el correspondiente estudio social; que se ordenara a la Sala de Relaciones de Familia la confección de un estudio social y sus correspondientes recomendaciones; que se dictara una orden a los efectos de que la menor permaneciera matriculada en el colegio en el cual estaba estudiando; que se dictara una orden para autorizar la tramitación de un pasaporte para la menor y que la presente controversia fuera referida ante la consideración de la Examinadora de Pensión Alimentaria.

En respuesta, el 12 de julio de 2024, el Recurrido presentó *Contestación a Demanda*.[2] En esta, negó ciertas alegaciones y esbozó entre sus defensas afirmativas que el señor Rodriguez Rivera era un buen padre, que siempre había velado por el mejor bienestar de su hija y siempre había estado involucrado en las actividades escolares

---

[2] *Íd.*, págs. 30-31.

de la menor. Asimismo, en su escrito, el Recurrido presentó *Reconvención* mediante la cual, esencialmente, solicitó que la custodia compartida se distribuyera una semana con el Recurrido y una semana con la Peticionaria. Posteriormente, el 23 de julio de 2024, el señor Rodríguez Rivera presentó *Moción Enmendado Contestación a Demanda y Reconvención.*[3] Mediante este escrito, aclaró que el asunto medular de esta controversia no era necesariamente la custodia compartida sino el cambio de escuela de la menor. Enfatizó que la Peticionaria deseaba justificar su acto unilateral de matricular a la menor en la misma institución privada en la que estudiaba, pese a que esta presentaba dificultades académicas atribuibles a dicha institución. Por consiguiente, solicitó la celebración de una vista para atender el asunto de la escuela de la menor.

Por su lado, la señora Ferrer Álvarez presentó *R[é]plica a Reconvención.*[4] Mediante esta, objetó las alegaciones expuestas por el Recurrido en su reconvención y solicitó que este caso fuese referido a la Unidad de Relaciones de Familia para que se realizara la investigación correspondiente.

Así las cosas, el 2 de octubre de 2024, el foro *a quo* emitió *Resolución* mediante la cual refirió el caso a la Unidad Social de Relaciones de Familia para la evaluación de custodia y relaciones filiales.[5] De la misma forma, el foro primario mantuvo las relaciones paternofiliales conforme estaban previamente establecidas y autorizó a la abuela paterna de la menor como recurso de apoyo del Recurrido.[6]

Tras viarios tramites procesales, el 13 de noviembre de 2024, el señor Rodríguez Rivera presentó *Moción Informativa y en Solicitud*

---

[3] *Íd.*, págs. 126-132.
[4] *Íd.*, págs. 205-209.
[5] *Íd.*, pág. 235.
[6] *Íd.*

*de Remedio.*[7] En este escrito, el Recurrido informó varias incidencias del caso, y entre estas, le comunicó al foro primario que estaría en la mejor disposición de someterse a terapias de comunicación para mejorar las comunicaciones con la señora Ferrer Álvarez en aras del mejor bienestar de la menor. Así pues, el 15 de noviembre de 2024, el foro primario ordenó a las partes a someterse a terapias para mejorar la comunicación y les concedió un término de veinte (20) días para que informaran el nombre del profesional seleccionado, más la fecha de la cita para las terapias.[8]

Subsiguientemente, el 20 de noviembre de 2024, el Recurrido presentó *Moción Informativa.*[9] En esta, le notificó al foro primario los profesionales propuestos tanto por la señora Ferrer Álvarez, quien recomendó a dos (2) trabajadores sociales, como los del señor Rodríguez Rivera, quien sugirió cuatro (4) psicólogos. Sin embargo, el Recurrido destacó que los profesionales propuestos por la Peticionaria no aceptaban planes médicos y resultaba muy oneroso para él tratarse con alguno de ellos.

Examinada esta moción, el 22 de noviembre de 2024, el foro primario refirió a las partes con la Dra. Yazmín Ríos ("Dra. Ríos" o "psicóloga"), una de las psicólogas propuestas por el Recurrido.[10] De igual forma, concedió quince (15) días para que las partes informaran la fecha de la cita que daría comienzo a las terapias. En cumplimiento, el 2 de diciembre de 2024, el señor Rodríguez Rivera presentó *Moción Informativa y en Cumplimiento de Orden* e indicó que coordinó la primera cita con la psicóloga para el 20 de enero de 2025 a las 9:00 am.[11] No empece a lo anterior, el 3 de diciembre de 2024, la señora Ferrer Álvarez presentó *Urgente Moción de*

---

[7] *Íd.*, págs. 264-265.
[8] *Íd.*, pág. 266.
[9] *Íd.*, págs. 284-285.
[10] *Íd.*, pág. 286.
[11] *Íd.*, pág. 287.

*Reconsideración Oposición.*[12] En esta, señaló que los psicólogos propuestos por el Recurrente se dedicaban a ofrecer terapias de pareja y no terapias familiares. Además, destacó que el foro primario tomó la determinación de referir a terapia a las partes sin darle el debido tiempo a la Peticionaria de expresarse acerca de la solicitud del Recurrido. En ese sentido, solicitó la reconsideración de las ordenes emitidas en cuanto a la necesidad de asistir a un profesional para recibir terapia y solicitó el señalamiento de una vista para que el Recurrido presentara prueba que demostrara los problemas de comunicación alegados.

El 4 de diciembre de 2024, el foro primario emitió dos (2) órdenes. En la primera, dictaminó que la Peticionaria debía solicitar cita con la Dra. Ríos e informar la fecha en diez (10) días.[13] En la segunda orden, el foro primario expresó:

> Véase otra orden. Las partes recibirán terapia a través de la Dra. Yazmín Ríos. La Dra. Ríos trabajará con las partes, conforme a lo ordenado. Las terapias están dirigidas a mejorar la comunicación entre las partes y no a terapia de pareja. Reiteramos que el caso fue referido a la Unidad Social y estamos en espera del Informe para tomar determinaciones.[14]

Consecuentemente, el 9 de diciembre de 2024, la señora Ferrer Álvarez presentó *Moción en Cumplimiento de Orden.*[15] En esta informó que solicitó una cita con la psicología para el 31 de enero de 2025 a las 9:00 am y aclaró que pese a cumplir con la orden del foro *a quo,* se reservaba el derecho a acudir al Tribunal de Apelaciones con relación al asunto del referido hecho por el foro primario respecto a que las partes tomaran terapias y la falta de debido proceso de ley en dicho asunto.

Así, el 27 de diciembre de 2024, la Peticionaria presentó el recurso de epígrafe y señaló la comisión del siguiente error:

---

[12] *Íd.*, págs. 288-293.
[13] *Íd.*, pág. 294.
[14] *Íd.*, pág. 295.
[15] *Íd.*, pág. 296.

Erró el Tribunal de Primera Instancia y abusó de su discreción al determinar de forma unilateral en base a alegaciones del demandado, sin la postura de la compareciente, en cuanto a profesionales de salud mental, servicios de terapias de comunicación e imposición de condiciones de comunicación entre las partes de epígrafe a través de terceros, en violación al debido proceso de ley.

Atendido el recurso, el 15 de enero de 2025, emitimos *Resolución* mediante la cual le concedimos al Recurrido un término de diez (10) días para mostrar causa por la cual no debíamos expedir el auto de *certiorari*. Oportunamente, el 21 de enero de 2025, el señor Rodríguez Rivera compareció ante esta Curia mediante *Moción en Cumplimiento de Orden* y comunicó mediante este escrito que no deseaba presentar moción en oposición. En ese sentido, procederemos a resolver la presente controversia sin el beneficio de su comparecencia.

## II.

### A. Certiorari

"[U]na resolución u orden interlocutoria, distinto a una sentencia, es revisable mediante *certiorari* ante el Tribunal de Apelaciones". *JMG Investment v. ELA et al.*, 203 DPR 708, 718 (2019). "El recurso de *certiorari* es un mecanismo procesal de carácter discrecional que le permite a un tribunal de mayor jerarquía revisar las determinaciones del tribunal recurrido". *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023). Los límites a la facultad revisora del foro apelativo tienen como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación. *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478, 486-487 (2019).

No obstante, la discreción del tribunal apelativo en este aspecto no opera en un vacío ni sin parámetros. *Torres González v. Zaragoza Meléndez, supra; Mun. de Caguas v. JRO Construction,*

201 DPR 703, 712 (2019). La Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, señala los criterios que se deben tomar en consideración al evaluar si procede expedir un auto de *certiorari*. Estos criterios son:

    (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

    (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

    (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

    (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

    (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

    (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

    (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El Tribunal Supremo ha expresado que la discreción es "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Mun. de Caguas v. JRO Construction, supra*, págs. 712.

### B. *Manejo de Caso y Economía Procesal*

El efectivo funcionamiento de nuestro sistema judicial, y la rápida disposición de los asuntos litigiosos, requieren que los jueces de instancia tengan gran flexibilidad y discreción para lidiar con el diario manejo y tramitación de los asuntos judiciales. *Banco Popular de Puerto Rico v. Gómez Alayón y otros,* 2023 TSPR 145, resuelto el 19 de diciembre de 2023; *In re Collazo I,* 159 DPR 141, 150 (2003). Es por ello, que a éstos se les ha reconocido poder y autoridad suficiente para conducir los asuntos litigiosos ante su consideración y para aplicar correctivos apropiados en la forma y manera que su buen juicio les indique. *Íd.* **El Tribunal de Primera Instancia tiene el deber ineludible de garantizar que los procedimientos se ventilen sin demora, con miras a que se logre**

**una justicia rápida y eficiente.** *In re Pagani Padró*, 181 DPR 517, 529 (2011). (2011).

Como regla general, los foros revisores no intervendrán con el manejo del caso ante la consideración del foro primario. Siendo así, el Tribunal Supremo ha manifestado, que los tribunales apelativos no deben intervenir con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por dicho foro en el ejercicio de su discreción, **salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad, incurrió en craso abuso de discreción, o que incurrió en error manifiesto.** *Citibank et al. v. ACBI et al.*, 200 DPR 724, 736 (2018). El ejercicio adecuado de la discreción se relaciona de manera estrecha con el concepto de razonabilidad. *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

## III.

Expuesto el marco jurídico y ponderados los argumentos presentados por la Peticionaria, resolvemos que no se han producido las circunstancias que exijan nuestra intervención en esta etapa de los procedimientos. Al amparo de los criterios que guían nuestra discreción no intervendremos en la determinación recurrida emitida por el foro primario como parte del manejo del caso ante su consideración. En el presente caso, el foro primario emitió una determinación discrecional y en ausencia de abuso de discreción, este foro no debe intervenir con las determinaciones del foro primario. La parte Peticionaria no ha demostrado que el foro de instancia se excedió en el ejercicio de su discreción, ni que erró en la interpretación del derecho. Tampoco constató que el abstenernos de interferir en la determinación recurrida constituiría un fracaso irremediable de la justicia en esta etapa de los procesos, procede que se deniegue el recurso de *certiorari* de epígrafe. Por lo cual, no intervendremos con la determinación discrecional del foro primario por tratarse de un asunto de manejo del caso, por lo cual no cumple

con lo dispuesto en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.*

## IV.

Por los fundamentos expuestos, **denegamos** la expedición del auto de *certiorari.*

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


LCDA. LILIA OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones